Richard S. Heller, J.
This claim arose from a contract between claimant and defendant for the construction of a detour where the New York State Thruway was to cross the Boston Post Road. One item of work under the contract required claimant to trench for the installation of utility lines and back-fill after such utilities had been placed by the respective utility companies.
In the particular area involved in this claim, the trench to be dug was for a water main and telephone lines. It was shown on the plans as being located between an existing water main and telephone conduit. Claimant was required to keep the existing lines in service.
Claimant proceeded with the work and had partially excavated a trench four feet wide and of varying depth when the water company objected that the trench was not wide enough. The engineer of the New York State Department of Public Works on the site had not objected to the width of the trench and in his opinion it was suitable. Pursuant to the objection of the water company, the district engineer ordered the claimant to dig a trench five and one-half feet wide instead of four feet wide.
Claimant objected that such work was not covered by the contract and stated that it would perform only on the basis of extra work with payment to be made on a cost plus basis. The correspondence between claimant and the representatives of the Department of Public Works clearly establishes that the parties concurred in this construction of the contract.
As a result, a so-called force account was established and each day representatives of claimant and the State agreed on the amount to be charged to this force account covering the extra work. When the job was finally completed, agreement was reached as to the proper charge for the work by acceptance of the State’s figures and claimant submitted a bill in that amount. A final estimate was prepared by the State and submitted to the claimant. This final estimate, dated February 10, 1954, showed various adjustments in the total contract price including the addition of $23,533 for the work in dispute here and resulting in a net increase of $12,639.09 with a balance due claimant of $42,546.02. Claimant signed and returned the necessary papers accompanying the final estimate in accordance with instructions from the State.
Then on July 30,1954 claimant was advised that the Thruway Authority for whom the Department of Public Works had acted throughout was reducing the claim for extra work which was listed on the final estimate as Item 701 from $23,532.29 to *862 $17,742.67. In October, 1954 claimant filed this claim seeking recovery of $42,546.02 which was the amount certified to be due by the engineer in charge for the Department of Public Works on June 25, 1954.
Then a new estimate dated March 7, 1955 was prepared with various adjustments resulting in the statement of a balance due of $21,469.42 and entirely eliminating Item 701 from the estimate. Subsequently and while this matter was pending before this court, the Thruway Authority forwarded a check in the amount of $21,469.42 to the claimant and claimant accepted the check. That check was accompanied by a final agreement which claimant refused to execute.
The interchange of correspondence between claimant and the Department of Public Works acting for the Thruway Authority established a practical construction of this contract and an acquiescence by the State to a continuation of the work as outside the limits of the contract. The long period of time in which the State acted in accordance with this practical construction precludes denial of recovery on any claim of breach of technical requirements relating to submission of verified statements, etc. If such technical failures did occur, they were the result of the State’s actions.
On the merits of the controversy, claimant is entitled to recover the amount of $21,076.60, with interest thereon from February 10,1954. Claimant asserted that the work in question was outside the limits of the contract and constituted extra work. Apparently all of the representatives of the State from the engineer on the job to the deputy chief engineer of the Department of Public Works and at least some of the personnel of the Thruway Authority concurred in this construction of the contract from August, 1953 to some time early in 1955.
This establishes at the very least, that the contract was ambiguous and the ambiguity must be resolved against the State which prepared the contract.
The foregoing constitutes the written decision of this court in accordance with section 440 of the Civil Practice Act.
Judgment may be entered in accordance herewith.